UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAUFER GROUP INTERNATIONAL, LTD.,<br><br>                             Plaintiff,<br><br>-against-<br><br>SONDER DISTRIBUTION USA, LLC, REMO POLSELLI, MICHAEL KLEIN, MARC ABRAMS,<br><br>                             Defendants. | Case No. 1:22-cv-03313 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

      Laufer Group International, Ltd. ("Plaintiff") brought this breach-of-contract admiralty action against Sonder Distribution USA, LLC ("Sonder Distribution"), Remo Polselli ("Polselli"), Michael Klein ("Klein"), and Marc Abrams ("Abrams") (collectively, "Defendants"). ECF No. 16. Defendants counterclaimed for breach of contract. ECF No. 19.

      On September 28, 2023, the Court granted Plaintiff's motion for summary judgment as to Sonder Distribution and Polselli. ECF No. 48 (the "Summary Judgment Opinion") at 16. But the Court denied Plaintiff's motion for summary judgment as to Abrams and Klein. *Id.* at 18. The Court also granted summary judgment to Plaintiff on Defendants' counterclaim. *See id.* at 21. At the end of the opinion, the Court ordered "that, within **45 days** of this Opinion and Order, the parties shall submit a joint pretrial order and the additional pretrial materials specified in this Court's Individual Rules." *Id.* at 22 (bold in original). The deadline for the parties to submit the pretrial materials was Monday, November 13, 2023. *See* Fed. R. Civ. P. 6(a)(1)(C). On October 19, 2023, the Court granted Plaintiff's unopposed motion to reschedule the trial to April 9, 2024. ECF No. 53.

      On November 13, 2023, Plaintiff filed a proposed pretrial order. ECF No. 54 ("Pretrial Order") at 1. Plaintiff stated that it had "timely submitted a draft proposed Joint

Pretrial Order to Defendants' counsel," but that "no insertions or edits were provided." *Id.* That same day, Plaintiff filed its pretrial memorandum of law, ECF No. 55 ("Pretrial Memo"), and its proposed findings of fact and conclusions of law, ECF No. 56 ("Proposed Findings").

On November 14, 2023, Defendants filed a letter requesting an extension of time to file pretrial materials. ECF No. 57 ("Defs. Letter"). Defendants provided no explanation for the delay other than stating that counsel was "a small firm doing [his] best under the circumstances and would need an additional month to ensure all of this is completed properly." *Id.* at 1. Additionally, Defendants sought "to amend the joint pretrial letter" (by which Defendants presumably meant the Pretrial Order) to reflect that Defendants "object[ed] to [a] statement" within it. *Id.* Defendants also objected to five proposed statements of fact listed in the Pretrial Order as ones "to which all parties consent." *Id.* at 4.

Plaintiff filed a letter in response on November 16, 2023. ECF No. 61 ("Pl. Letter"). It stated that on November 8, 2023, Plaintiff had "drafted and provided a proposal for the Joint Pretrial Order to Defendants' counsel for his review and requested that he provide any additions thereto including in regard to Plaintiff's proposed agreed statements of fact." *Id.* at 1. "Although Defendants' counsel responded to the email correspondence on an unrelated issue, he failed to identify any facts in support of Defendants' position and failed to object to the proposed agreed upon facts." *Id.* Plaintiff says that it contacted Defendants' counsel again on November 12, 2023, but when Plaintiff received no response, it "timely filed its portion of the Pretrial Order on November 13, 2023." *Id.* Plaintiff opposes granting Defendants an extension of time to file their pretrial materials, *see id.* at 2-3, and argues that Defendants are "incorrect" in saying that the five identified statements of fact are unsupported by the evidence in the record, *id.* at 2.

The Court will grant Defendants' request for additional time to complete the pretrial materials. The trial date has been moved to April, at the request of the parties. Moreover, the extension will not prejudice Plaintiff. *See, e.g.*, *Nnebe v. Davis*, No. 06-cv-04991 (RJS), 2014 WL 12712059, at *1 (S.D.N.Y. Jan. 9, 2014) ("[E]xhibits should be excluded for untimely disclosure only if their inclusion in the trial would prejudice the opposing party."). However, notwithstanding the size of Defendants' counsel's firm, Defendants are advised that they must comply with the Court's schedules.

IT IS HEREBY ORDERED that the parties shall submit a new version of the joint pretrial order by **December 18, 2023**, that reflects input from both parties.

IT IS FURTHER ORDERED that Defendants shall submit their additional pretrial materials specified in this Court's Individual Rules by **December 18, 2023**. Absent extraordinary circumstances, the Court will not grant Defendants any further extensions.

Dated: November 20, 2023
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge